[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15574
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00567-RS-CAS


CYNTHIA TURNER,

Plaintiff-Appellant,

versus


BOB INZER,
in his official capacity as Leon County Clerk of the Court

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 4, 2013)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Cynthia Turner, a black woman, appeals the district court's grant of summary judgment in favor of her employer, the Leon County Clerk of the Court, on her claims of whistleblower retaliation, in violation of Fla. Stat. § 112.3187, and gender discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, 2000e-3. Turner alleges that her employer initially suspended her, transferred her to a less desirable position within the Clerk's Office, and placed her on probation because of her race and because she made protected disclosures under the Florida Whistleblower's Act ("FWA"). She further alleges that her employer ultimately fired her in retaliation for her FWA disclosures and a charge of racial discrimination that she filed with the Equal Employment Opportunity Commission. Turner contends that the district court erred in finding that she failed to: (1) identify any disclosures protected under the FWA; (2) identify proper comparators; (3) consider circumstantial evidence of racial hostility; and (4) show that her employer's legitimate, non-discriminatory and non-retaliatory reasons for her suspension, transfer, and termination were pretextual. Turner also contends that the district court erred because it did not analyze her Title VII retaliation claim.

2

We review a district court's grant of summary judgment *de novo*, and all evidence and reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1161–62 (11th Cir. 2006); *Wascura v. City of South Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004). The moving party must make enough of a showing that a jury could reasonably find for that party, and a mere "scintilla" of evidence supporting its position will not suffice. *Brooks*, 446 F.3d at 1162. The non-moving party, meanwhile, must make a sufficient showing on each essential element of his case for which he has the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

The FWA provides that an agency may not dismiss or discipline an employee for disclosing "[a]ny violation or suspected violation of any . . . local law, rule, or regulation committed by an employee or agent of an agency" or "[a]ny act or suspected act of gross mismanagement, malfeasance, misfeasance . . . ." Fla. Stat. § 112.3187(4), (5), (7). The FWA protects disclosures presented "in a

3

written and signed complaint," as well as disclosure made by persons "who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity." Fla. Stat. § 112.3187(7).

We have approved a district court's application of a Title VII retaliation analysis to a claim of retaliatory discharge under the FWA. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 950–51 (11th Cir. 2000). In order to establish a *prima facie* showing of retaliation under Title VII, a claimant must show that: (1) she engaged in an activity protected under Title VII, (2) she suffered an adverse employment action, and (3) a causal connection existed between the protected activity and the adverse employment action. *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008). Once a claimant has made a *prima facie* showing, the employer may present legitimate, non-retaliatory reasons for the employment action in question. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). The claimant then bears the burden of proving by a preponderance of the evidence that the reasons given by the employer were pretextual. *Id.*

Where pretext is an issue, the question that the factfinder must answer is whether the employer's proffered reasons were "a coverup for a . . . discriminatory decision." *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805–06, 93 S. Ct. 1817, 1826

4

(1973)); *see also Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) (holding that this court is "not in the business of adjudging whether employment decisions are prudent or fair. Instead, [its] sole concern is whether unlawful discriminatory animus motivates a challenged employment decision"). We must, considering all of the evidence, ascertain whether the plaintiff has cast doubt on the defendant's proffered non-discriminatory reasons sufficient to allow a reasonable factfinder to determine that the defendant's proffered "legitimate reasons were not what actually motivated its conduct." *Silvera v Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001) (internal quotation marks omitted). In doing so, we must evaluate whether the plaintiff has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns, Meadowcraft, Inc.*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks omitted).

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of disparate treatment, a plaintiff may show that "(1) she is a member of a group protected by

5

Title VII; (2) she was qualified for the position or benefit sought; (3) she suffered an adverse effect on her employment; and (4) she suffered from a differential application of work or disciplinary rules." *Spivey v. Beverly Enters., Inc.*, 196 F.3d 1309, 1312 (11th Cir. 1999). "Evidence that similarly situated employees are disciplined more leniently is admissible to support a disparate treatment claim when the plaintiff has established that the co-employees are in fact similarly situated." *Anderson v. WBMG-42*, 253 F.3d 561, 564 (11th Cir. 2001). Thus, the plaintiff should show that the comparator employees are "involved in or accused of the same or similar conduct," yet are disciplined in a different, more favorable manner. *Id.* (internal quotation marks omitted).

The above "framework is not, however, the only way to use circumstantial evidence to survive a motion for summary judgment, and a plaintiff's failure to produce a comparator does not necessarily doom his case." *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1255 (11th Cir. 2012) (internal quotation marks and alteration omitted). "Rather, the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of

6

circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (internal quotation marks and footnote omitted).

If the plaintiff establishes a *prima facie* case, the burden of production shifts to the employer to provide a legitimate, non-discriminatory reason for the action taken, which rebuts the presumption of discrimination. *Brooks*, 446 F.3d at 1162. So long as the employer articulates a clear and reasonably specific non-discriminatory basis for its actions, it has discharged its burden of production, the inference of discrimination drops out of the case entirely, and the plaintiff has the opportunity to show by a preponderance of the evidence that the proffered reasons were pretextual. *St. Mary's Honor Cent. v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 2749 (1993). Where an employer's proffered reason for termination is the violation of a workplace rule, this court has held that explanation to be "arguably pretextual" when a plaintiff can submit evidence that: (1) "she did not violate the cited work rule;" or (2) "if she did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated." *Damon*, 196 F.3d at 1363.

Even assuming, *arguendo*, that Turner made out *prima facie* cases of retaliation under the FWA and racial discrimination and retaliation under Title VII, we conclude from the record that she failed to produce evidence that her employer's legitimate, non-discriminatory and non-retaliatory reasons for her

7

suspension, transfer, and termination were pretextual.  The Clerk stated that he suspended and transferred Turner for insubordination.  He further stated that Turner was terminated for poor work performance.  Turner produced no evidence to rebut the Clerk's proffered reasons for her suspension, transfer, and termination.  Accordingly, we affirm the district court's grant of summary judgment to the Clerk on all counts.

**AFFIRMED.**