[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11357

_____

D.C. Docket No. 4:11-cv-00567-RS-CAS

CYNTHIA TURNER,

Plaintiff-Appellee
Cross Appellant,

versus

BOB INZER,
in his official capacity as Leon
County Clerk of the Court,

Defendant-Appellant
Cross Appellee.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(February 17, 2015)

Before TJOFLAT, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Turner brought this suit against Defendant, Inzer, Clerk of Court of Leon County, Florida.   She claimed that Inzer, the Clerk, violated the Florida Whistle Blower Act, a retaliation claim, and she claimed that the Clerk violated Title VII, a claim of racial discrimination and retaliation for her filing with the Equal Employment Opportunity Commission.   The district court granted summary judgment on all claims in favor of the Clerk.   This decision was affirmed by the Eleventh Circuit on appeal.  Turner v. Izner, 521 F. App'x 762 (11th Cir. 2013). The instant appeal and cross-appeal relate to the district court's actions with respect to the Clerk's request for attorney's fees.   The district court denied fees for the Clerk with respect to the Whistle Blower Act, finding that, although her whistle blower claim was frivolous, it was not brought in bad faith, as required by the Whistle Blower Act for an award of fees to an employer.  However, the district court awarded the Clerk attorney's fees in the amount of $29,934.50 because Turner's Title VII claims were frivolous.  The Clerk appeals the district court's decision finding that Turner's whistle blower claims were not brought in bad faith. Turner cross-appeals the district court's decision finding her Title VII claims frivolous, and also challenges the amount of attorney's fees awarded.

We have had the benefit of oral argument in this case, and have carefully considered the briefs and relevant parts of the record.  We conclude that the judgment of the district court should be affirmed in all respects.  We address in

2

turn each challenge on appeal, beginning with the Clerk's challenge to the district court's finding that Turner's whistle blower claim was not brought in bad faith.

## I. DISCUSSION

A.    <u>Did the district court abuse its discretion in finding that Turner's whistle blower claim was not brought in bad faith?</u>

For the reasons fully explored at oral argument, we cannot conclude that the district court abused its discretion in finding that Turner had not brought the whistle blower claim in bad faith.  We cannot conclude that the district court abused its discretion in finding that Turner's change of course with respect to the precise event that constituted protected activity under the Whistle Blower Act necessitated a finding of bad faith.

B.    <u>Turner's cross-appeal challenge to the district court's finding that her Title VII claims were frivolous</u>

Turner's brief on appeal has failed to persuade us that the district court abused its discretion in finding that Turner's Title VII claims were frivolous. Turner's arguments on appeal are hardly more than conclusory assertions. Moreover, the suspension, transfer and probation of Turner would seem to have been a reasonable discipline for what was reasonably perceived by the County officials as insubordination.   Turner then made numerous mistakes in her new position as a cashier, and her brief only addresses the subsequent termination in a conclusory manner.

C.    Turner's cross-appeal challenge to the amount of fees awarded
to the clerk with respect to Turner's Title VII claims

The issue of the appropriate amount of attorney's fees to be awarded was referred by the district court to the magistrate judge.   The issue was given careful consideration by the magistrate judge, especially with respect to the requirement of Fox v. Vice, 131 S.Ct. 2205, 2215-16 (2011), that the Clerk "receive only the portion of his fees that he would not have paid but for the frivolous claim."  Id. at 2215.   In other words, the Supreme Court has held that when a litigation includes two civil rights claim, and a defendant is entitled to attorney's fees only with respect to one of the claims, "[T]he dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation."  Id. at 2216.  Although Turner properly points out that there was considerable overlap as between the whistle blower claim and the Title VII retaliation claim, the magistrate judge was keenly aware of the requirements of Fox v. Vice and very carefully applied them to ensure that he awarded attorney's fees to the Clerk only for "the costs [that] would have been incurred in the absence of the [whistle blower claim]."  Id. at 2216.  Turner's brief on appeal challenges the fee award in this respect, as in other respects, only with conclusory assertions.  We cannot conclude that there has been an abuse of discretion.

4

## II. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed in all respects.

AFFIRMED.[1]

---

[1]    Any arguments (other than those addressed in this opinion) raised by either party are rejected without need for further discussion.